Kathie ANDERSON, Appellant,

v.

Margaret HECKLER, Secretary of the
Department of Health and Human
Services, Appellee.

No. 84–1157.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1984.

Decided July 12, 1984.

Linda S. Pettit, Pettit & Mann, Des
Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty., Robert C.
Dopf, Asst. U.S. Atty., Des Moines, Iowa,
for appellee.

Before ARNOLD and JOHN R. GIB-
SON, Circuit Judges, and DUMBAULD,*
Senior District Judge.

ARNOLD, Circuit Judge.

Kathie Anderson appeals from the termi-
nation of her Supplemental Security In-
come benefits. In 1979, she was awarded
benefits based upon a finding that her
schizophrenia met the conditions of a listed
impairment in Appendix 1, Subpart P, 20
C.F.R. Part 404. In 1982, she was notified
that her benefits would be terminated be-
cause of her improved condition, and this
decision was upheld on appeal to the Secre-
tary and the District Court. We reverse.

Although we normally would begin ana-
lyzing this termination case by determining
whether the Secretary has met her burden
of production, see *Rush v. Schweiker*, 738
F.2d 909 (8th Cir.1984), we need not do so
here because the Secretary's termination of
disability benefits is not supported by sub-
stantial evidence.

In support of the decision to terminate
benefits, the Secretary relies primarily on
(1) a report from a consulting psychiatrist,
Dr. Taylor, (2) the notes taken by a staff
psychologist and doctors at the Broadlawns
Psychiatric Unit, and (3) the testimony of
the claimant. In his report, Dr. Taylor
noted that Anderson showed no formal
thought disorder, a clear sensory system,

---

* The Hon. Edward Dumbauld, Senior United
States District Judge for the Western District of
Pennsylvania, sitting by designation.

and no impairment of immediate recall. He stated that Anderson's illness seemed to cause only a mild impairment in her ability to perform daily activities and, apparently on this basis, concluded that she was capable of routine, repetitive, unskilled work.

The notes from Broadlawns indicate that in February of 1982 Anderson was having fewer auditory hallucinations than before. (She would usually hear the voice of her ex-boyfriend, and less frequently her sister and parents.) In May and June, Anderson stated to her psychologist that she was not hearing any voices, and in July she told her physician that she "barely ever hears them."

The Secretary also relies on Anderson's testimony that she is able to take care of herself, that is, wash and dress herself, clean the house, cook, and do laundry. In addition, the Secretary emphasizes that Anderson testified that she has no physical impairments which prevent her from doing unskilled, routine, repetitive work.

 Viewing the record as a whole, we hold that the evidence in support of the Secretary's termination of disability is not substantial. The evidence must show not merely that Anderson is capable of doing sporadic work for a few weeks at a time, but that she can work "day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). The bulk of the evidence here shows that she cannot do that. Anderson, who at the time of the hearing was 22 years old, testified that in 1979 she was fired from her parttime waitress job at Howard Johnson's after three weeks because she was too "spacey." She testified that she was fired from her telephone soliciting job after two weeks because she was too nervous and that she quit a cocktail waitress job because she started hearing voices. In 1982, she enrolled in a vocational rehabilitation class in typing but never completed the course. She also studied to pass a written test for a driver's permit, but failed the test.

██ All of the physicians that examined Anderson, including Dr. Taylor, noted blunted or inappropriate emotional attitudes, manifested by giggles or laughter. Dr. Taylor described her as childish and stated that her intelligence was, at best, below average. Further, in evaluating the weight of Dr. Taylor's opinion we are guided by the well-accepted principle that the report of a consulting physician should be given only limited weight in evaluating a claimant's disability, especially where, as here, the examination was very brief, perhaps no longer than 30 minutes. See *Hancock v. Secretary of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir. 1979).

The ALJ's conclusion that Anderson had fewer hallucinations and was "improving" cannot be squared with Anderson's testimony, which the ALJ did not discredit, that at the time of the hearing she heard voices "almost every day," usually the voice of the ex-boyfriend, Jim, who tells her she is dying. She believes that these voices are real and not hallucinations. Further, the notes of the Broadlawns psychologist reflect that in August 1982, Anderson reported that she was still hearing voices. Anderson has a history of hospitalization for mental illness and was last hospitalized for seven months at Clarinda Mental Health Institute in 1981. At the time of the hearing, Anderson was receiving therapy at Broadlawns clinic, seeing a psychologist every two weeks and a psychiatrist every two months. At that time, she was also taking 30 milligrams of Navane daily to control her schizophrenic condition, Zomax and Midrin for her migraine headaches, and Cogentin, to treat the side-effects of the Navane. As evidenced in the hearing transcript and noted by the ALJ, Anderson has trouble remembering things, especially dates and recent activities.

Taken as a whole, the record does not contain substantial evidence to support the Secretary's finding that Anderson is not disabled.

The judgment of the District Court is reversed, and the case is remanded to it with instructions to direct the Secretary to reinstate plaintiff's benefits retroactively. Plaintiff was once found disabled, and the evidence that she is not disabled now is not substantial, so there is no need for a remand for further administrative proceedings.

It is so ordered.