978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Junior L. BUTTS, Social Security # aua-cw-dwvz Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 92-1117.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 14, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Junior L. Butts appeals the judgment of the district court[1] upholding the Secretary's decision to deny his applications for disability insurance benefits and supplemental security income (SSI). We affirm.
 
 
 2
 Butts alleged he was disabled due to arthritis, a hernia on his right side, and rectal bleeding. Following an administrative hearing, the Administrative Law Judge (ALJ) denied benefits. The Appeals Council remanded the matter, and another adminstrative hearing was held before a different ALJ. After reviewing the medical evidence and testimony, the ALJ determined that Butts could perform sedentary work, including his past work as a security guard. The ALJ therefore concluded that Butts was not disabled and denied benefits.
 
 
 3
 Butts argues that the ALJ did not properly credit the evidence regarding his alcohol abuse; the ALJ erred in concluding that the objective medical evidence failed to support Butts's allegations of disabling pain; because the ALJ failed to expressly discredit the testimony of Butts's wife and friend, the ALJ erred in concluding that this testimony failed to establish that Butts suffered from disabling pain; the ALJ erred in failing to consider the combined effect of Butts's impairments; and the ALJ erred in failing to call a vocational expert (VE) to testify about the effect that Butts's alcoholism had on his ability to perform his past work as a security guard.
 
 
 4
 We conclude there is substantial evidence on the record as a whole to support the Secretary's determination that Butts could perform sedentary work, including his past work as a security guard. See Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992).
 
 
 5
 The ALJ properly considered the evidence regarding Butts's history of alcohol abuse and determined that it did not impair his ability to perform sedentary work. Although alcoholism can be a disabling condition, a claimant must show that his condition caused him to lose self-control to the extent of being unable to seek and use a means of rehabilitation. Shelltrack v. Sullivan, 938 F.2d 894, 897 (8th Cir. 1991). The record indicates Butts had undergone treatment only one time for alcohol abuse and had been sober since that time. There was no clinical evidence or testimony indicating that Butts was having psychological or physical problems due to his history of alcohol abuse.
 
 
 6
 The ALJ did not err in discrediting Butts's allegations of dizziness and severe pain in his feet, hands, shoulders, ribs, hips, neck, and back. The ALJ properly determined that Butts's allegations were inconsistent with the objective medical evidence. Butts's June 1988 physical examination revealed that he had no redness or swelling in his joints, the range of motion in his neck, back, and all extremities was normal, he had no muscle weaknesses or atrophy, his gait, coordination, and limb functions were good, and he could squat and rise from a standing position. The November 1988 cervical spine x-rays indicated that Butts had degenerative changes, but severe central canal stenosis was not identified. Butts's treating physician reported that Butts had good results with his prescribed medication.
 
 
 7
 The ALJ also properly considered Butts's description of his daily activities and functional abilities in discrediting his allegations. Although Butts testified at one point that he did not do much of anything except lie or sit around the house, he also indicated that he drove his car occasionally, took care of his personal needs, prepared his meals, and visited his parents. At his first hearing, Butts admitted that he was physically capable of performing his past work as a security guard because it required mostly sitting. He had also indicated on the forms that the job required little walking, standing, and bending, and no lifting or carrying. Although his treating physician reported that his grip was weak and he had trouble ambulating, Butts testified that he could sit and stand for short periods of time and could walk short distances.
 
 
 8
 The ALJ properly considered the credibility of Butts's witnesses. Although the ALJ did not specifically find that their testimony was untruthful, the ALJ determined that their testimony was based on a desire to help Butts obtain benefits and was necessarily based upon statements Butts had made to them about his pain. The ALJ did not err in concluding that, when considered with all of the evidence, the witnesses' testimony did not establish that Butts had disabling pain. Butts's remaining arguments are without merit. There was no indication that the combined effect of Butts's impairments rendered him disabled. Also, because the ALJ concluded that Butts could return to his past work as a security guard, testimony from a vocational expert was not required. See Groeper v. Sullivan, 932 F.2d 1234, 1235 n.1 (8th Cir. 1991).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas