**Hazel COPPEJANS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 3–91–CV–10062.**

United States District Court, S.D. Iowa, Davenport Division.

Dec. 2, 1992.

John A. Bowman, Wells, McNally & Bowman, Davenport, IA, for plaintiff.

Richard L. Richards, Asst. U.S. Atty., Gene W. Shepard, U.S. Atty., Des Moines, IA, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks judicial review of the Health and Human Services Secretary's decision denying her benefits under Title XVI and Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) this court may review a final decision by the Secretary.

## I. PROCEDURAL HISTORY

Claimant protectively filed her application for benefits on August 7, 1989, alleging disability since May 15, 1989. She was denied benefits initially and on reconsideration. Upon timely request a hearing was held before an Administrative Law Judge (ALJ) on June 21, 1990. The ALJ affirmed the prior denials of the Administration. Claimant requested review before the Appeals Council. On April 5, 1991, the Council denied her request for review. Claimant filed this action in federal court on June 4, 1991.

On January 31, 1992, the Secretary found that claimant now met the medical requirements for disability benefits based on medical reports dated June 1991 through January 1992. Thus, at issue in this appeal is whether plaintiff is entitled to benefits from May 15, 1989, to April 6, 1991.

## II. FINDINGS OF THE SECRETARY

The ALJ concluded that Coppejans has a dysthymic disorder and a history of alcohol abuse. She also has status post fractures of the wrist. However, he did not find that she had an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

The ALJ found that claimant met the special earnings requirement as of the alleged date of onset, and continues to meet them through September 1990. He also found that she had not engaged in substantial gainful activity since May 15, 1989.

Coppejans is a person of advanced age (56 years at the time of the hearing) with a 12th grade education. Further the ALJ determined that she retained the residual functional capacity to "perform the physical exertional and nonexertional requirements of work except for: lifting and carrying more than 50 pounds occasionally and 25 pounds frequently. The claimant has a moderate inability to do the following: understand, remember and carryout [sic] detailed instructions; maintain attention and concentration for extended periods." (TR 17) (citations omitted).

It was determined that claimant was unable to perform her past relevant work as a nurse's aide. Once claimant has shown that her impairments prevent her from returning to her past relevant work, the burden shifts to the Secretary to demonstrate by "a preponderance of the evidence that [claimant] is capable of doing other work." *Mackinaw v. Bowen,* 866 F.2d 1023, 1024 (8th Cir.1989). After testimony from a vocational expert, the ALJ concluded claimant possessed the ability to perform other jobs existing in the national economy, including production assembler and hand packager. Thus, the ALJ found the claimant was not disabled as defined by the Social Security Act, and benefits were denied.

## III. DISCUSSION OF FACTS AND CONCLUSIONS OF LAW

The standard of review for an ALJ's decision is whether substantial evidence on the record as a whole supports the opinion. *Prince v. Bowen,* 894 F.2d 283, 285 (8th Cir.1990). In this case, the ALJ erred: (1) by improperly discrediting claimant's credibility; (2) by determining that the claimant was able to control her use of alcohol; (3) by discrediting the opinion of Dr. Bhasker,

claimant's treating psychiatrist; and (4) by basing his decision that plaintiff could perform a significant number of unskilled jobs on a defective hypothetical.

*Credibility*

■ Credibility determinations are in the first instance a decision for the ALJ. *Tucker v. Heckler*, 776 F.2d 793, 796 (8th Cir.1985). "[T]he ALJ may discredit subjective complaints of pain only if they are inconsistent with the *evidence on the record as a whole.*" *Id.* (emphasis added). "Furthermore, where an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony." *Delrosa v. Sullivan*, 922 F.2d 480, 485 (8th Cir.1991) (citations omitted).

In this case, the ALJ discredited the claimant based on the following "inconsistencies".

> The claimant has complained of headaches constantly (Exhibit 41, pg. 1), but her treating orthopedic surgeon noted no such comments or complaints (Exhibit 43). Dr. Bhasker does not indicate complaints of headaches either (Exhibit 52). I find the absence of continued complaints to be inconsistent and indicate that her other complaints have been exaggerated. She has also complained of high blood pressure and indicated that while she was put on a high blood pressure medication (Exhibit 55), she did not note the same on a medical questionnaire (Exhibit 54), which I also find inconsistent. Her blood pressure was found on examination to be 128/80 (Exhibit 42, pg. 3), all of which indicate further exaggeration merely for the purposes of obtaining benefits.

(TR 15). The ALJ concluded that these inconsistencies "indicate further exaggeration merely for the purpose of obtaining benefits." (TR 15).

The ALJ's credibility determination based on claimant's failure to include high blood pressure medication on a social security medication questionnaire is suspect. The questionnaire, dated June 7, 1990, required claimant to list the medications she was "presently taking". (TR 235). She did not list the blood pressure medication prescribed to her some three months earlier, in March of 1990. This realization by the ALJ, however, does not establish that the claimant is not credible. Several situations could have required claimant to suspend her medication before filling out the application on June 7—including an end to the need for medication, inability to afford the medication or suspension of its use due to side effects. None of these possibilities were explored by the ALJ at hearing.[1] Thus, without developing the record, the ALJ's reliance on the questionnaire to discredit claimant is inappropriate.

As to the second prong of the ALJ's credibility determination there is, contrary to his opinion, substantial evidence on the record as a whole that claimant consistently complained of headaches. In an April 1985, medical history form, claimant marked that she suffered from headaches and emphasized her problems by writing "frequently" in the comment section of the form. (TR 170). On September 18, 1989, claimant complained to Dr. Mokhtar of headaches. (TR 191). Dr. G.L. Cromer, M.D., psychiatric consultant, also reports that claimant suffered headaches after a September 14, 1989 examination. Claimant emphasizes the existence of headaches in her own testimony. (TR 43). The ALJ's determination that Dr. Bhasker and Dr. Cassel's[2] failure to register headache complaints detracted from claimant's credibility is unsupported by the record.

*Claimant's Ability to Control the Use of Alcohol*

■ Alcoholism alone, or in combination with other impairments, can be disabling. *Brand v. Secretary of HEW*, 623 F.2d 523,

---

1. The ALJ has the duty to develop the record fully and fairly. *Delrosa v. Sullivan*, 922 F.2d 480, 483 (8th Cir.1991).

2. The absence of a reference to headaches is not surprising upon review of Dr. Cassel's reports. The entirety of his reports focus on claimant's broken wrists and her recovery as it relates to that condition. (TR 195–200).

524 n. 1 (8th Cir.1980). In order to establish disability based on alcoholism the claimant must show: (1) that she lost self-control to the point of being "impotent to seek and use means of rehabilitation," and (2) that her disability is encompassed by the Act. *Adams v. Weinberger*, 548 F.2d 239, 245 (8th Cir.1977).

■ In the instant case the ALJ determined that claimant was able to control her drinking.

> In considering whether the claimant has lost self control of her drinking to the point she cannot seek and use means of rehabilitation, I note her presence at the Vera French Community Mental Health Center and her statement that she hoped to receive further help with her medication and therapy (Exhibit 52, pg. 1) as well as her previous comments that she had stopped taking alcohol following her hospitalization, all indicate that she is and has been able to seek and use means of rehabilitation and as a result I find no resulting disability due to alcoholism.

(TR 14).

■ Seeking treatment in a facility does not establish claimant's ability to control her alcoholism. *See e.g. Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir.1992) (a longstanding pattern of attempted treatment and failure could meet the loss of self control element) *Cf. Butts v. Sullivan*, No. 92–1117 slip op. at 2, 1992 WL 315101 (8th Cir. Nov. 2, 1992). Further, the testimony of Coppejans that she wants to quit drinking and has done so in the past is not conclusive of the control issue. "[A] finding of an ability to control alcoholism cannot rest on claimant's testimony alone" *Adams v. Weinberger*, 548 F.2d at 245 *see also Brown v. Heckler*, 713 F.2d 441, 442–43 (9th Cir.1983) (noting propensity of alco-

holics to deny or downplay adverse effects of their drinking). The issue of alcoholism in a disability determination is most often decided by observing the medical and clinical evidence in the record. *See e.g. Thompson*, 957 F.2d 611; *Stambaugh v. Sullivan*, 929 F.2d 292 (7th Cir.1991) (ALJ failed to support his finding of no alcoholism with expert evidence).

The medical and clinical evidence does not support the conclusion that Coppejans can control her drinking. Dr. Bhasker, claimant's treating physician, concluded that she suffers from alcohol abuse disorder. (TR 232). Dr. K.K. Mokhtar, disability examiner, concluded that she has a history of "chronic alcoholism." (TR 193). Further, claimant sought treatment on several occasions for alcoholism.[3] In short, there is not substantial evidence of a period of abstinence or successful treatment that supports the ALJ's determination that Coppejans can control her drinking.

*Statements of Treating Physician*

■ The opinion of a treating physician is entitled to great weight unless it is unsupported by medically acceptable clinical or diagnostic data. *Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir.1991). Although Dr. Bhasker's conclusions are well supported by the medical evidence in the record, the ALJ disregarded his judgment as not credible. The ALJ discounted Dr. Bhasker's opinions as conclusory and unsupported by the "evidence as a whole."

> I note that while Dr. Basker [sic] in his opinion indicates that the claimant has "marked" or "moderate" limitations in some areas, he qualifies his opinion several times by stating that, "... she would probably ..." encounter marked or moderate difficulties in several areas

**3.** At hearing, claimant noted that she has stopped drinking many times before but indicated a desire to maintain her current abstinence.

> A. I am an alcoholic, yeah.
> Q. Do you get treatment for that presently?
> A. I don't anymore, I can quit on my own. In act, I went to an AA meeting Monday night and I'll probably go tonight ...
> Q. Excuse me. When was the last time you drank?
> A. About 5 weeks ago.

> Q. Have you had other periods during which you stopped drinking and you went back?
> A. Yeah, I quit for a lot of periods of time, most—
> Q. Is this one any different from other times you've quit?
> A. No.
> Q. It isn't? So you'll probably go back tomorrow?
> A. I don't want to, let me put it that way.

(TR 44).

... since Dr. Basker [sic] indicates some hesitation in the degree of limitations given, I discount the degree of limitation he has described to levels I believe more appropriate.

(TR 14).

The use of qualifying words such as "probably" and "might" does not give the ALJ license to apply the limitations he believes more appropriate. Indeed, the ALJ may only discredit a treating physician's opinion when it is "unsupported by medically acceptable clinical or diagnostic data." *Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir.1991) *see also Ghant v. Bowen*, 930 F.2d 633, 639 (8th Cir.1991). If the ALJ is concerned with the meaning of Dr. Bhasker's report the proper course is to seek clarification rather than disregard his opinion.[4]

### Defective Hypothetical

■ Because the ALJ discredited Dr. Bhasker's testimony regarding claimant's limitations, the hypothetical upon which he relied was defective. "[V]ocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision." *Bradley v. Bowen*, 800 F.2d 760, 763 n. 2 (8th Cir.1986). On remand, the ALJ's hypothetical should reflect the opinion of Dr. Bhasker as well as any findings in regard to claimant's alcoholism.

## IV. CONCLUSION

For the reasons cited above, the Secretary's decision is not supported by substantial evidence on the record as a whole. IT IS ORDERED that the decision of the Secretary is REVERSED and that the case is REMANDED for further proceedings and a new decision in accordance with this opinion.

4. Thus, on remand the ALJ will want to address Dr. Bhasker's conclusions through the use of

written interrogatories or other available forms of record development.