**Tammy L. RUNNELLS, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

**Civil No. 4–97–CV–10183.**

United States District Court, S.D. Iowa, Central Division.

Nov. 25, 1997.

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is hereby substituted for John J. Callahan and Shirley S. Chater as the defendant in this suit.

Michael Depree, Bowman & Depree, Davenport, IA, for Plaintiff.

Inga Bumbary–Langston, Assistant U.S. Attorney, Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Health and Human Services' decision denying her Supplemental Security Income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decision of the Commissioner.

### I. PROCEDURAL HISTORY

Tammy Runnells, age 31 on the date of the hearing, applied for SSI benefits on October 20, 1995, alleging disability since October 6, 1995. Plaintiff's claim was denied initially and on reconsideration. Upon plaintiff's timely request, a hearing was held before an administrative law judge ("ALJ"). In a written order dated August 13, 1996, the ALJ determined plaintiff was not "disabled" as defined in the Act. On March 6, 1997, after considering additional evidence, the Appeals Council of the Social Security Administration denied plaintiff's request for review. The decision of the ALJ thus stands as the final decision of the Commissioner. This action for judicial review was commenced March 21, 1997.

### II. FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish that plaintiff has a "severe lower back impairment but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Tr. 20.

The ALJ found plaintiff has the residual functional capacity to perform work-related activities that do not require her to lift more than twenty pounds. Tr. 20. The ALJ further determined plaintiff's past relevant work as deli sales clerk and a video sales clerk were not precluded by her lifting limitation. Tr. 20. The ALJ therefore determined plaintiff was not precluded from her past relevant work, and was not under a "disabili-

ty" as defined in the Social Security Act. Tr. 21.

## III. APPLICABLE LAW AND DISCUSSION

A court must affirm the decision of the Commissioner if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Johnson v. Chater*, 108 F.3d 942, 943 (8th Cir.1997). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir.1992). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Mapes v. Chater*, 82 F.3d 259, 260 (8th Cir.1996).

Plaintiff's sole argument in the present case is that the ALJ erred in discounting the opinions of plaintiff's treating neurologist and orthopedist. This Court agrees.

Plaintiff's treating orthopedist, Donald Berg, M.D., personally examined plaintiff on October 17, 1995, for pain in plaintiff's left leg. Tr. 131. Dr. Berg determined plaintiff suffered from "lumbosacral strain and muscle spasms and left sciatic pain probably associated with herniated disc." Tr. 131. He prescribed the anti-inflammatory medication Indocin, as well as Lortab for pain. Tr. 131–32. An MRI of plaintiff's lumbar spine taken October 18, 1995 confirmed a herniated disc at L5–S1. Tr. 133. Dr. Berg also ordered physical therapy, to help plaintiff's condition. Tr. 133.

Dr. Berg completed a residual functional capacity of plaintiff on February 21, 1996, in which he concluded plaintiff could sit for only one to two hours per day without interruption and for no more than four to five hours total. Tr. 127. *See Smallwood v. Chater*, 65 F.3d 87, 88 (8th Cir.1995) ("medical opinions on how much work a claimant can do are not only allowed, but encouraged"). Dr. Berg also stated plaintiff must lie down for three

hours during an eight-hour work-day, due to plaintiff's "sciatica." Tr. 127.

In his written opinion, the ALJ discounted Dr. Berg's opinion that plaintiff must need to lie down for three hours during the day, as well as his determination plaintiff could only work part-time. The ALJ found the assessment " is inconsistent with the remainder of [Dr. Berg's report], is inconsistent with the record as a whole, and is not supported by any medical signs or laboratory findings." Tr. 16. The ALJ also noted plaintiff saw Dr. Berg only once, and "sought no additional medical treatment for her condition other than her previously prescribed medication." Tr. 15.

The opinion of a treating physician generally is entitled to substantial weight, unless it is unsupported by medical evidence in the record as a whole. *See, e.g., Onstead v. Sullivan*, 962 F.2d 803, 805 (8th Cir.1992). In the present case, Dr. Berg's opinion was supported by his own physical examination of plaintiff, as well as the results of an MRI. He also provided support for his statement that plaintiff must lie down for three hours. When asked on the residual functional capacity questionnaire: "What condition would cause the need to lie down during an 8–hr. work day?" Dr. Berg responded "sciatica." Tr. 127.

If the ALJ felt Dr. Berg's explanations and/or the amount of time he had spent with plaintiff were inadequate, he should have obtained a supplemental evaluation, or submitted a list of specific questions to Dr. Berg. *See, e.g., Coppejans v. Sullivan*, 811 F.Supp. 427, 432 (S.D.Iowa 1992) (ALJ has a duty to receive an understandable medical report and not reject it out of hand).

The Court also notes Dr. Berg's diagnosis was confirmed by an independent neurosurgeon, Chad Abernathey, M.D., who examined plaintiff on December 22, 1995. Tr. 125. In a letter to Disability Determination Services Bureau dated December 27, 1995, Dr. Abernathey opined that plaintiff experienced a "disc extrusion" in September, 1995, and was disabled as of that date. Tr. 124. The ALJ discounted Dr. Abernathey's opinion because Dr. Abernathey had seen the plaintiff only once, and because "opinions of disability are

**1012**

expressly reserved for the Commissioner." Tr. 17. Again, although the ALJ was not obligated to accept Dr. Abernathey's conclusion regarding plaintiff's disability status, the fact Dr. Abernathey examined plaintiff only once does not detract from the credibility of his opinion. This is especially true when there is no *medical* information in the record to detract from either Dr. Abernathey's or Dr. Berg's opinions.

On remand, the ALJ is urged to solicit a current evaluation from Dr. Berg, with a clear indication as to the permanency of plaintiff's condition, and/or obtain a detailed evaluation from a consulting physician who has personally examined plaintiff. Any new information provided should then be incorporated into the hypothetical questions posed to the vocational expert.

## IV. CONCLUSION

For the reasons outlined above, IT IS ORDERED that the decision of the Commissioner is **reversed** and the case is **remanded** for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

IT IS ORDERED.