Thomas WHITEHOUSE, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 91–1113.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Nov. 25, 1991.

John Bowman, Davenport, Iowa, argued, for appellant.

Michael Fry, HHS Counsel, Kansas City, Mo., argued (John Beamer, Asst. U.S. Atty., Des Moines, Iowa, on brief), for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Thomas Whitehouse appeals from the district court's[1] order affirming the Secretary's denial of disability benefits. We affirm.

### I.

Whitehouse applied for disability benefits in 1986, claiming that his multiple health problems had disabled him since July 1, 1984. The Social Security Administration denied benefits, and Whitehouse requested a hearing before an administrative law judge. During the hearing, the ALJ asked the vocational expert to give the number of jobs available to a hypothetical job applicant with Whitehouse's physical and emotional limitations. The expert testified that there were several types of jobs which Whitehouse could perform and that several thousand of those jobs existed in the national economy. The ALJ found that Whitehouse was not disabled, basing his decision on the vocational expert's testimony. The Appeals Council denied Whitehouse's request for review, and the district court affirmed the ALJ's decision.

### II.

Whitehouse now appeals to this court, arguing that the ALJ did not properly take his residual functional capacity into account. He also claims that the Secretary failed to produce evidence of any jobs existing in significant numbers in the national economy which Whitehouse could perform because the vocational expert did not correlate the job titles in the United States Dictionary of Occupational Titles (DOT) with the job titles from the Iowa Job Summaries.

We will uphold the Secretary's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Beasley v. Califano*, 608 F.2d 1162, 1166 (8th Cir. 1979). We may not reverse "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984) (citations omitted).

### III.

Because Whitehouse showed that his impairments prevent him from performing his previous occupation, the burden shifted to the Secretary to show that Whitehouse can perform other types of work which exist in the national economy, taking into account his residual functional capacity, age, work experience, and education. 20 C.F.R. § 404.1561. Whitehouse first claims that the ALJ failed to take his residual functional capacity into account. *See* 20 C.F.R. § 404.1546. The record reveals otherwise. In framing his questions to the vocational expert, the ALJ specifically asked the expert to assume a job applicant with Whitehouse's age, education, work experience, and residual functional capacity. Even though the expert did not specifically recite those factors in his answers, the ALJ could properly assume that the expert framed his answers based on the factors the ALJ told him to take into account.

Whitehouse next argues that the Secretary did not show that jobs existed in significant numbers in the national economy

---

**1.** The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

which Whitehouse could perform, as required by the regulations. *See* 20 C.F.R. §§ 404.1560, 404.1561. He bases this argument on the vocational expert's answer to a post-hearing interrogatory in which the expert stated that the job titles from the DOT do not correlate with the job titles from the Job Service statistical summaries of jobs.

The vocational expert testified that Whitehouse could perform several jobs. The expert used the DOT code numbers to identify those jobs he believed Whitehouse could perform. In responding to the ALJ's questions about the numbers of such jobs available, however, the expert used the job titles from the Job Service statistical summaries of jobs. These summaries do not take residual functional capacity into account, while the DOT does, classifying each job according to the functional level needed to perform that job. *See* 20 C.F.R. § 404, Subpt. P, App. 2 (section 200.00(b)). For example, while Job Service might list "sales clerk" as a job title, the DOT might further subclassify sales clerk jobs according to whether they require sedentary, light, medium, or heavy exertion.

It is true that the DOT job titles more narrowly classify jobs than do the Job Service job titles. However, the Secretary may take administrative notice of any "reliable job information", including both the DOT and the Job Service summaries. 20 C.F.R. § 404.1566(d). In addition, the Secretary may use the services of a vocational expert. 20 C.F.R. § 404.1566(e). There is no requirement that a vocational expert correlate the DOT titles with the Job Services summaries. The expert is only required to state his opinion as to the number of jobs available in the national economy to a person with the applicant's residual functional capacity, age, work experience, and education.

We find substantial evidence in the record to uphold the Secretary's decision. The vocational expert's answers to the ALJ's questions and written interrogatories were based on a person with Whitehouse's residual functional capacity and referred specifically to jobs that required only sedentary or light exertion. We see

no reason to conclude that the expert did not limit the number of jobs available to Whitehouse within a Job Service category according to the factors the ALJ set out. Therefore, the ALJ properly relied on those answers in finding that there were significant numbers of jobs in the national economy which Whitehouse could perform.

Accordingly, we affirm the district court's decision.