**Craig W. LOCHER, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 91–3580.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1992.

Decided July 6, 1992.

Randall J. Fuller, Anoka, Minn., argued, for appellant.

Patricia Cangemi, Asst. U.S. Atty., Minneapolis, Minn., argued (Donna Calvert, HHS, Chicago, Ill., on the brief), for appellee.

Before WOLLMAN and HANSEN, Circuit Judges, and ROY,* Senior District Judge.

WOLLMAN, Circuit Judge.

Craig Locher appeals from the order of the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Locher disability benefits. We affirm.

## I.

In 1983, Locher, who worked for a muffler shop, was rear-ended by another driver as he drove to a second shop for parts. As a result of this accident, Locher's back was injured and a congenital back condition was aggravated. Although Locher was able to work at least part-time after the accident, by 1985 his condition had worsened to the point that he had to quit work completely.

After the accident, doctors discovered three herniated discs in Locher's lumbar spine. These caused him back and leg pain. Locher underwent numerous types of therapy and treatment for this pain, including chiropractic treatment, traction, and medications. None of these was successful in relieving his back pain. In 1989, Locher underwent surgery to decompress the nerves in his lower spine and stabilize the spine. Locher's medical records reflect that within four months after this procedure, most of Locher's back pain and all of his leg pain was gone.[2]

In early 1989, Locher applied for Social Security disability benefits and Supplemental Security Income benefits. After an initial denial and subsequent hearing before an administrative law judge (ALJ), Locher

---

* The HONORABLE ELSIJANE TRIMBLE ROY, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

2. Nine months after the surgery on his lower back, Locher reported pain in his upper back which interfered with his activities. Testing revealed further evidence of disc disease in Locher's upper back. The record suggests that Locher and his doctor decided to pursue a conservative course of treatment rather than surgery for this condition, but does not indicate whether treatment was successful.

was denied these benefits, and the Appeals Council denied Locher's request for review. Thus, the ALJ's decision is the final decision of the Secretary. Locher then appealed to the district court, which adopted the report and recommendation of the magistrate judge[3] that the Secretary's motion for summary judgment be granted.

Locher contends on appeal that the Secretary's decision is not supported by substantial evidence because Locher's pain is disabling as a matter of law, because the ALJ erroneously discounted Locher's subjective complaints of pain, and because the ALJ failed to present a proper hypothetical to the vocational expert (VE).

## II.

The Social Security program provides benefits to people who are aged, blind, or who suffer from a physical or mental disability. 42 U.S.C. § 1382(a) (1992). The Secretary will find a person disabled if the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." *Id.* § 1382c(a)(3)(A). The impairments suffered must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." *Id.* § 1382c(a)(3)(B). Any such impairment must last for a continuous period of twelve months or be expected to result in death. *Id.* § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1509, 416.909 (1990).

The Secretary has established a five-step procedure for determining whether a claimant is disabled.[4] *See* 20 C.F.R. §§ 404.1520, 416.920 (1990). First, the Secretary determines whether a claimant is engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b). Second, the Secretary determines whether the claimant has a severe impairment—"any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). Third, the Secretary determines whether the claimant has an impairment which meets or equals one of the impairments listed in the regulations. *Id.* §§ 404.1520(d), 416.920(d) and Part 404, Subpart P, Appendix 1. Fourth, the Secretary, considering the claimant's residual functional capacity and the physical and mental demands of the claimant's past work, determines whether the claimant can still perform that work. *Id.* §§ 404.1520(e), 416.920(e). Last, the Secretary determines whether any substantial gainful activity exists in the national economy which the claimant can perform. *Id.* §§ 404.1520(f), 416.920(f); *see also* §§ 404.1505(a), 416.905(a).

We will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1991); *Whitehouse v. Sullivan*, 949 F.2d 1005 (8th Cir.1991). In assessing the substantiality of the evidence, we must consider evidence that detracts from the Secretary's decision as well as evidence that supports it. *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984). We may not, however, reverse the Secretary's decision "merely because substantial evidence would have supported an opposite decision." *Id.*

The claimant bears the burden of proving disability. Having shown, however, that he is unable to perform his past relevant work, the burden shifts to the Secretary to show that work exists in the national economy that the claimant is capable of performing. *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985); *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir.1982).

The ALJ found, and the record supports the findings, that Locher is no longer engaged in substantial gainful activity and that Locher has a severe impairment. The ALJ further found that Locher's impair-

---

3. The Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota.

4. The definitions of disability for purposes of disability benefits and Supplemental Security

Income benefits are identical. *See* 20 C.F.R. § 404.1501 et seq. (disability) and § 416.901 et seq. (SSI).

ment did not meet or equal an impairment listed in the regulations. This finding, too, is supported by the record. To meet a listed impairment, a herniated disc must cause both 1) "pain, muscle spasm and significant limitation of motion in the spine" and 2) "appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.05(C) (1990). While Locher complains of significant pain associated with his back problems, neurological symptoms have been notably absent. The medical records consistently state that Locher had only a "questionable" hip muscle weakness and no sensory or reflex loss.

The ALJ then found that Locher could not return to his past relevant work as a janitor or a mechanic, because doing so would require lifting up to fifty pounds, a weight beyond Locher's lifting capability. Thus, the burden shifted to the Secretary to show that there is work in the national economy that Locher could perform. The ALJ solicited the testimony of a vocational expert to aid him in making a finding at this step. *See* 20 C.F.R. §§ 404.1566(e), 416.966(e) (1990). The VE testified that if everything to which Locher testified were accepted as true, there were no jobs in the national economy which Locher could perform. The ALJ then asked the VE whether jobs existed for a person with Locher's skills who could lift twenty pounds occasionally and ten pounds frequently, needed to change positions every thirty minutes, and was very restricted in bending at the waist. The VE testified that there were a significant number of jobs available for such a person.

### III.

■ Locher first contends that he is disabled as a matter of law and that the ALJ erroneously discredited his subjective complaints of pain. We address these contentions together, because both involve review of the same law and facts.

Locher testified that his pain was eight on a scale of ten and that he could sleep only about one and one half hours at a time because of the pain. During a vocational evaluation, Locher's standing tolerance averaged 4.8 minutes, with a range of 1 to 33 minutes. His sitting tolerance during paper and pencil testing averaged 17.9 minutes, with a range of 1 to 40 minutes; his sitting tolerance during work sample testing averaged 6 minutes, with a range of 1 to 28 minutes. Locher claims that because of his pain and his restricted standing and sitting tolerances, he must be considered disabled as a matter of law.

We disagree. The ALJ found that Locher's subjective complaints of pain were not completely credible, analyzing these complaints according to the standard set out by this court in *Polaski v. Heckler*, 739 F.2d 1320, 1321–22 (8th Cir.1984). The ALJ specifically set out each of the *Polaski* factors in his decision, noting that subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *See id.* at 1322.

The ALJ went on to examine the many inconsistencies in the evidence. The ALJ noted that while Locher claimed debilitating pain at the hearing, his medical records since the accident showed no neurological deficit and little or no muscle spasm or weakness. Dr. Dowdle, in 1984, indicated that ongoing therapy was unwarranted because Locher's examination was normal. In 1985, Dr. Seibert indicated that Locher's pain did not correlate with test abnormalities. In 1986, Dr. Ogilvie instructed Locher to seek employment that would not stress his back and to engage in an exercise program. The record contains no evidence of any treatment for most of 1987 and 1988. In late 1988, Locher was having severe back pain and elected to undergo surgery in early 1989. Within four months of the surgery, Locher told his surgeon that most of his back pain and all of his leg pain was gone.

In addition, the ALJ stated that he had serious reservations about Locher's motivation toward medical and vocational rehabilitation, noting that Locher was involved in two lawsuits concerning the accident. These reservations find support in the record. Locher failed to keep several ap-

pointments with Dr. Ogilvie. Locher claimed at the hearing that the insurance companies prevented him from having surgery on his back earlier than he did. The medical records show, however, that prior to late 1988, Locher's doctors recommended only non-surgical treatment. There is no evidence that insurance difficulties prevented Locher from having surgery once his doctors recommended it. During vocational retraining, Locher did not keep appointments with counselors and did not keep the required job search logs. Dr. Burton of the Institute for Low Back Care advised Locher that he would benefit from a treatment program at the Institute, but questioned whether Locher's attitude was conducive to treatment.

Finally, the ALJ found that while Locher is quite inactive, the record does not support a need for his inactivity. Locher testified that his parents do all of the household chores. That this is so, the record indicates, is not because Locher has attempted to do chores and could not, but because it is "pretty much all done" for him. Drs. Dowdle, Burton, Ogilvie, and Patterson recommended that Locher exercise, but he did not do so. Locher's testimony at the hearing was that he spent most of each day watching television.

We conclude that the ALJ's finding that Locher's complaints of pain were not completely credible is supported by the record. Given the many inconsistencies between Locher's testimony and the medical records, the ALJ properly discounted Locher's complaints.

Locher next contends that the hypothetical posed to the vocational expert was flawed. The ALJ asked the VE to assume a person with Locher's skills who could lift twenty pounds occasionally and ten pounds frequently, needed to change positions every thirty minutes, and was very restricted in bending at the waist. We see nothing wrong with this hypothetical. As we stated above, the ALJ properly discounted Locher's subjective complaints of pain. The medical records reveal that the lifting and bending restrictions were proper. Locher's main argument is that the ALJ

erroneously determined the standing and sitting tolerances. Locher would have us adopt the average tolerances set out in the rehabilitation report. We decline to do so. The rehabilitation report shows that Locher could, during testing, sit and stand at times for around thirty minutes. Dr. Steiner, the medical expert who testified at the hearing, stated that in his opinion, Locher could sit or stand for thirty minutes at a time. Nine months after surgery, Dr. Ogilvie noted that Locher could engage in "activities as tolerated." Taken as a whole, we believe that this supports the finding that Locher could sit or stand for thirty minutes at a time.

Accordingly, we conclude that the ALJ properly discounted Locher's complaints of disabling pain and posed a proper hypothetical question to the vocational expert.

The district court's order is affirmed.