**Curtis James SMITH, Appellant,**

v.

**Donna E. SHALALA,\* Secretary of the Department of Health and Human Services, Appellee.**

No. 92–1843.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided March 15, 1993.

---

\* Donna E. Shalala has been substituted for Louis    W. Sullivan pursuant to Fed.R.App.P. 43(c)(1).

Anthony W. Bartels, Jonesboro, AR, argued, for appellant.

Martin W. Long, Dallas, TX, argued, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BATTEY,** District Judge.

WOLLMAN, Circuit Judge.

Curtis James Smith appeals from the district court's[1] order affirming the decision of the Secretary of Health and Human Services ("Secretary") to deny Smith disability benefits. We affirm.

I.

Smith filed his current applications for Social Security disability benefits and for Supplemental Security Income ("SSI") benefits on September 28, 1989. He alleged that he had been disabled since September 18, 1989, due to a lower back injury sustained in the course of his job as a custodian. Smith stated that he had past relevant work experience as a teacher's aide and as a pastor.

---

** The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

The Social Security Administration denied Smith's applications initially and on reconsideration. Smith then sought a hearing before an administrative law judge ("ALJ"), which was held on June 27, 1990. The ALJ's decision, filed on September 26, 1990, determined that Smith, who was 33 at the time of the hearing, was not disabled under the provisions of the Social Security Act and that Smith was able to perform his past work as a teacher's aide. The Appeals Council denied Smith's request for further review on June 3, 1991.

Smith sought judicial review of the Secretary's decision in the district court. Smith's case was assigned to a magistrate judge by consent of the parties. The magistrate judge granted the Secretary's motion for summary judgment.

On appeal, Smith contends that the Secretary's decision is not supported by substantial evidence. He claims that the ALJ erroneously concluded that his back injury does not meet or equal one of the impairments listed in the regulations, improperly discounted his subjective complaints of pain, and erroneously found that he could still perform his past work as a teacher's aide. Alternatively, by way of three separate motions, Smith seeks a remand to the Secretary for consideration of additional medical evidence.

## II.

■ Under the Social Security disability and SSI programs,[2] the Secretary shall find a person disabled if the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A). The impairments suffered must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). Any such impairment must last for a continuous period of at least twelve months or be expected to result in death. *Id.* § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1509, 416.909. The claimant bears the burden of proving a disability. *Locher v. Sullivan,* 968 F.2d 725, 727 (8th Cir.1992).

The Secretary has promulgated regulations establishing a sequential five-step procedure for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the Secretary determines whether the claimant is presently engaged in a "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b). Second, the Secretary analyzes whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). Third, the Secretary determines whether the claimant has an impairment that meets or equals an impairment listed in the regulations; if so, the Secretary finds that the claimant is disabled without considering the claimant's age, education, and work experience. *Id.* §§ 404.1520(d), 416.920(d), and Part 404, Subpart P, Appendix 1. Fourth, the Secretary considers the claimant's residual functional capacity and the physical and mental demands of the claimant's past work to determine whether the claimant can still perform that work. If the claimant has the residual capacity to perform that work, the Secretary finds that the claimant is not disabled. *Id.* §§ 404.-1520(e), 416.920(e). Finally, if the Secretary determines that the claimant cannot perform the past work, the Secretary determines whether any substantial gainful activity exists in the national economy which the claimant can perform. *Id.* §§ 404.-1520(f), 416.920(f).

■ We will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Whitehouse v. Sullivan,* 949 F.2d 1005, 1006 (8th Cir.1991). Substantial evidence is that which a reasonable mind might accept as adequate to support

---

2. The definitions of disability for purposes of disability benefits and Supplemental Security Income benefits are identical. *See* 20 C.F.R. § 404.1505 et seq. (disability) and § 416.905 et seq. (SSI).

the Secretary's conclusion. *Whitehouse,* 949 F.2d at 1006 (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). In assessing the substantiality of the evidence, we must consider evidence that detracts from the Secretary's decision as well as evidence that supports it. *Locher,* 968 F.2d at 727 (citing *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984)). We may not, however, reverse the Secretary's decision "merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker,* 730 F.2d at 1150).

### III.

In Smith's case, the ALJ found that Smith has not been engaged in substantial gainful activity since 1989. The ALJ also found that Smith has an impairment—a musculoskeletal back strain—that limits his ability to perform work activities. The ALJ denied Smith's claim, however, because he found that Smith's impairment was not equal to a listed impairment and that Smith's residual functional capacity allows him to perform his past relevant work as a teacher's aide.

■ Smith first argues that the ALJ erroneously concluded that Smith's impairment was not equal to a listed impairment. We find, however, that substantial evidence supports the ALJ's determination. There is no evidence in the record that demonstrates that Smith has suffered a significant limitation of motion, motor loss, muscle weakness, or sensory or reflex loss. *See* 20 C.F.R. P. 404, Subp. P, App. 1, § 1.05(C). Smith visited doctors in 1985, 1987, and 1989 concerning complaints of back pain. Smith's doctors consistently concluded that Smith had some recurrent back pain, but they prescribed only muscle relaxers and mild pain relievers and did not place any restrictions on Smith's activities. One doctor did find a mild degenerative change in the intervertebral disc space at the L5, S1 level, but he found no significant injury. In nearly all of these examinations, Smith's range of motion was not limited and his leg raising tests were normal. This medical evidence supports the ALJ's conclusion that Smith's back problems were not equal to an impairment listed in the regulations.

■ Smith also contends that the ALJ improperly discounted his subjective complaints of pain in determining that his back injury was not disabling. We find that the ALJ correctly analyzed Smith's subjective complaints of pain according to the standards adopted by this court in *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir. 1984) (subsequent history omitted). The ALJ specifically listed the factors in *Polaski* and acknowledged that he could discount Smith's subjective complaints only if there were inconsistencies in the record as a whole. *See Prince v. Bowen,* 894 F.2d 283, 286 (8th Cir.1990) (citing *Polaski,* 739 F.2d at 1322).

■ The ALJ detailed his reasons for discounting Smith's complaints. He noted the lack of objective medical evidence supporting Smith's complaints of disabling back pain. *See Matthews v. Bowen,* 879 F.2d 422, 425 (8th Cir.1989) (medical reports showing only minimal back problem allowed ALJ to discount claimant's subjective complaints of disabling back pain). He found that Smith had not sought medical treatment for his back on a regular basis and that the doctors had prescribed only muscle relaxers and mild pain relievers when Smith had sought treatment. *See Johnson v. Bowen,* 866 F.2d 274, 275 (8th Cir.1989) (claimant's failure to follow prescribed medical treatment inconsistent with complaints of disabling seizures); *Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir.1987) (claimant's failure to seek medical attention inconsistent with complaints of disabling pain). The ALJ further found that the lack of any significant restrictions on Smith's activities by his doctors was inconsistent with Smith's claims. Likewise, Smith's daily activities proved to be inconsistent with a disabling injury. *See Benskin,* 830 F.2d at 883. Smith was able to drive his children to and from school, visit relatives and friends, pick up the mail at the post office, attend two-hour church services twice weekly, sing for two hours three times a week, and deliver a fifteen-to-twenty min-

ute sermon each week as part of his pastoral duties. Finally, the ALJ noted that Smith had not appeared uncomfortable sitting through the hearing and had presented no witnesses to corroborate his complaints of pain. We agree with the ALJ that these factors, taken together, are inconsistent with Smith's subjective complaints of disabling pain and properly support the ALJ's discounting of Smith's claims.

■ Smith next argues that the ALJ also improperly discounted the report of Dr. Gerald Fowler, a psychiatrist, who found that Smith suffered from several disabling mental impairments. We find that substantial evidence supports the ALJ's discounting of Dr. Fowler's conclusions. Smith did not allege a disabling mental impairment in his application for disability benefits; he merely made vague statements about suffering bouts of nervousness. Smith had never previously sought or been referred for mental health treatment. *See Johnson*, 866 F.2d at 275; *Benskin*, 830 F.2d at 884. Moreover, Smith's treating physician, Dr. Willoughby, and a doctor that examined Smith on several occasions, Dr. Ronald Smith, were willing to state only that Smith had occasional periods of anxiety. Finally, a psychiatric examination conducted by Dr. Joseph Crupie revealed no psychiatric disorders. Accordingly, we believe that the ALJ was justified in discounting Dr. Fowler's findings of mental impairments, based mostly on Smith's own statements, and in concluding that Smith's occasional periods of anxiety are not disabling.

■ Smith next challenges the ALJ's conclusion that Smith retains the ability to perform his past work as a teacher's aide. There is substantial evidence in the record, however, that supports the ALJ's finding. The lack of any significant restrictions on Smith's activities by his doctors combined with his extensive daily schedule, including delivering sermons, demonstrate that Smith retains his physical and mental capability to perform light work. As the ALJ noted, the Dictionary of Occupational Titles characterizes being a teacher's aide as light

work that does not involve any heavy lifting, which appears to be Smith's only work-related limitation. Thus, we agree with the ALJ that Smith retains the functional capacity to return to his past work as a teacher's aide as described in the Dictionary of Occupational Titles.

■ Finally, Smith seeks to have his case remanded to the Secretary for the consideration of additional medical reports regarding his mental impairments produced after the Secretary rendered his final decision. Section 205(g) of the Act, 42 U.S.C. § 405(g), grants reviewing courts the authority to order the Secretary to consider additional evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Although the fact that the medical reports did not exist at the time of the administrative hearing may constitute good cause to support a remand, *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir.1991), we find no cause in this case because Smith had the opportunity to consult additional psychiatrists before the administrative record was closed, but failed to do so. The reports upon which he bases his motion for remand relate to examinations performed in April and July of 1992, a year following the Appeals Council's denial of review and nearly two years after the ALJ's decision. What impact these subsequent reports might have upon a newly-filed application for benefits, we do not know. Suffice it to say that the reports are not closely enough related in time to either the ALJ's decision or the Appeals Council's denial of review to warrant remanding the case for further consideration. *Id.* at 260–61.

The judgment of the district court is affirmed. Smith's motions for a remand are denied.