993 F.2d 1536
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Eugene GOARD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1397.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 12, 1993
Decided: May 21, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, Chief District Judge. (CA-91-16-L)
 S.S.C. Drake, Lynchburg, Virginia; J. Gorman Rosenberger, Jr., Lynchburg, Virginia, for Appellant.
 Eileen Bradley, Chief Counsel, Region III, Victor J. Pane, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pennsylvania; E. Montgomery Tucker, United States Attorney, John Corcoran, Assistant United States Attorney, Roanoke, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James E. Goard appeals from an order of the district court granting summary judgment in favor of the Secretary of Health and Human Services (the "Secretary") and denying his claim for Social Security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act. 42 U.S.C.A.ss 401-433, 13811383c (West 1991 & Supp. 1992). Finding that substantial evidence in the record supports the Secretary's decision, we affirm.
 
 
 2
 Goard filed this claim[1] in February 1989 alleging disability since April 1985 due to back and leg pain as a result of a traffic accident the previous year. Goard, who was thirty-nine at the time of his hearing in February 1990, is a high school graduate who worked ten years as an electrician, then worked as a truck driver and machine operator until he was dismissed for health reasons in 1985. Goard has not worked full-time since.
 
 
 3
 After his claim was denied, a hearing was held before an administrative law judge ("ALJ"). The ALJ found Goard was not disabled because he could perform sedentary work as defined at 20 C.F.R. §§ 404.1567(a) and 416.967(a) (1991), and that Goard fit the vocational profile in Rule 201.27 in the medical-vocational guidelines in the Code of Federal Regulations (the "grids"). The Appeals Council of the Social Security Administration adopted the ALJ's report as the final decision of the Secretary after acknowledging that the ALJ cited an agency ruling on evaluating disabling pain, which was subsequently invalidated by this Court, but stating that the ALJ's evaluation otherwise was consistent with Fourth Circuit precedent.
 
 
 4
 Goard then filed suit in district court, where the district judge found the Secretary's decision was supported by substantial evidence in the record, granted the Secretary's motion for summary judgment, and denied Goard's motion to remand. Subsequently, the district court denied Goard's motion for reinstatement and rehearing under Fed. R. Civ. P. 59(e).[2] Goard appeals to this Court seeking reversal of the district court's order or, in the alternative, a remand to the Secretary for further administrative proceedings.
 
 
 5
 Goard raises two issues on appeal related to the Secretary's finding that pain was not a factor in his ability to perform sedentary work: Goard claims that the ALJ erred in weighing subjective and documentary evidence of pain, and in mechanically applying the grids because his pain represented a non-exertional impairment. On appellate review, this Court will not upset the Secretary's decision denying benefits if it is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).
 
 
 6
 Pain may be a non-exertional condition. Walker v. Bowen, 889 F.2d 47, 48-49 (4th Cir. 1989). Restrictions on a claimant's ability to work, other than strength factors such as sitting, are considered nonexertional factors. 20 C.F.R. §§ 404.1569a(a), 416.969a(a). If pain is a non-exertional condition, then the ALJ should determine whether the pain affects the claimant's residual functional capacity to perform work for which the claimant is exertionally capable. Walker, 889 F.2d at 49.
 
 
 7
 However, not every malady of a non-exertional nature, such as pain, rises to the level of a non-exertional impairment. Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984). If the non-exertional condition does not affect the claimant's residual functional capacity to perform work of which he is exertionally capable, then the ALJ may use the grids to determine disability; but if the condition does affect residual functional capacity an ALJ's use of the grids is error because the condition is properly viewed as a non-exertional impairment. Walker, 889 F.2d at 49; Smith, 719 F.2d at 725. Whether a nonexertional condition affects a claimant's residual functional capacity is a question of fact. Smith, 719 F.2d at 725.
 
 
 8
 The ALJ found that Goard suffers from a severe and chronic lumbar strain and sprain and noted in his report that he considered Goard's subjective complaints of pain. Though the ALJ did not use our exact language and cited an agency rule this Court later invalidated, our review of the record convinces us that the ALJ properly found that Goard's pain was not a non-exertional impairment. See Smith v. Shalala, F.2d, No. 92-1843 (8th Cir. Mar. 15, 1993) (1993 WL 68055) (evidence supported ALJ's conclusion that claimant's back pain did not amount to an impairment). His factual finding that Goard's pain did not affect his residual functional capacity to perform sedentary work is supported by substantial evidence in the record. Therefore, it was proper for the ALJ to rely on the grids, specifically on 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.27, which directed a finding of no disability based on Goard's age, education, work experience, and a residual functional capacity to engage in sedentary work. See Smith, 719 F.2d at 725.
 
 
 9
 Therefore, we affirm the Secretary's decision denying Goard benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Goard also applied for disability benefits in 1985, 1986, and 1987. These claims were administratively denied and the last was the subject of a hearing in March 1988 where Goard did not have counsel. Then the ALJ found Goard met the exertional requirements for medium work. Goard did not appeal that denial by the Appeals Council of his request for a review of the ALJ's decision
 
 
 [2]
 Goard does not argue the denial of his Rule 59 motion in his brief