Sherry L. BOEHM, Plaintiff,

v.

Shirley CHATER, Commissioner of Social Security, Defendant.

Civil No. 3–96–CV–10078.

United States District Court, S.D. Iowa, Davenport Division.

Feb. 19, 1997.

**32**

Michael Depree, Wells, Bowman & Smith, Davenport, IA, for Plaintiff.

Inga Bumbary–Langston, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff Sherry Boehm seeks review of the Commissioner of Social Security's decision granting her limited Social Security benefits. Claimant asserts she is entitled to full benefits under both Title II of the Social Security Act (Disability Insurance Benefits) and Title XVI of the Social Security Act (Supplemental Security Income). Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), this Court may review the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

Boehm filed her applications for disability insurance benefits and SSI benefits on October 22, 1993, alleging disability since October 16, 1992. These applications were denied initially and on reconsideration.

Pursuant to a timely request, a hearing was held on February 16, 1995, before an Administrative Law Judge ("ALJ"). On

April 25, 1995, an ALJ determined that Boehm was entitled to benefits beginning October 16, 1992. In addition, the ALJ determined that Boehm's drug addiction was a contributing factor material to the determination of disability. As a result, Boehm was required to have treatment for her drug addiction and her benefits were limited to a 36 month period.[1] On April 26, 1996, the Appeals Council denied Boehm's request for review. This action for review of the Commissioner's decision was commenced May 28, 1996.

## II. FINDINGS OF THE SECRETARY

The ALJ made the following findings. (A.R. 16–21). The claimant met the insured status requirements of the Act on the date disability began and has not engaged in substantial gainful activity at any time pertinent to this decision.

The medical evidence establishes that Boehm has a severe dysthymic disorder, a dissociative disorder, anxiety with panic attacks, a substance abuse disorder, a borderline personality, migraine headaches, and asthma. These impairments do not meet or equal in severity the requirements of any impairment set out in Appendix 1, Subpart P, Regulations No. 4 (the Listing of Impairments).

The ALJ also determined that the allegations of Boehm were generally credible and that her impairments preclude her from work as follows:

She will have absences for one or two days per month due to her headaches. She may abruptly walk off the job due to anxiety. She is moderately limited in her ability to understand/remember/and carry out detailed instructions, to maintain attention and concentration for extended periods, to sustain an ordinary routine without special supervision, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to accept instructions and respond appropriately to criticism from supervi-

---

1. As discussed subsequently, pursuant to the Congressional amendments to the Social Security Act passed in 1996, Boehm is not entitled to disability benefits after January 1, 1997, due to

the ALJ's conclusion that Boehm's drug addiction was a contributing factor material to the determination of disability.

sors, to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, to maintain socially appropriate behavior, to adhere to basic standards of neatness and cleanliness, to respond appropriately to changes in the workplace, and to set realistic goals or make plans independently of others.

The ALJ also found that Boehm cannot perform her past relevant work. On the date of the disability onset, October 16, 1992, Boehm was 38 years old, defined as a younger individual under the Act. Boehm has a high school education. The ALJ determined that she has not acquired work skills which are transferable to the skilled or semi-skilled functions of other jobs. In addition, the ALJ determined that, based on the vocational expert testimony and Boehm's residual functional capacity and vocational factors, Boehm cannot be expected to make a vocational adjustment to work which exists in significant numbers in the national economy.

Finally, the ALJ concluded that the claimant had been under a "disability," as defined in the Act, since October 16, 1992. The ALJ also determined that Boehm's drug addiction is a contributing factor material to the determination of disability and she was therefore entitled to only limited benefits.

## III. DISCUSSION OF APPLICABLE LAW

▮ A court must affirm the decision of the Secretary if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion." *Whitehouse v. Sullivan,* 949 F.2d 1005, 1007 (8th Cir.1991). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan,* 968 F.2d 725, 727 (8th Cir.1992).

Boehm argues that the Commissioner's decision in the present case is erroneous for several reasons. First, Boehm indicates that she did not receive notice that the materiality of her drug addiction in relation to her disability would be an issue. Second, Boehm asserts that the Psychiatric Review Technique Form required by the Commissioner's regulations was not completed. Finally,

Boehm states that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

On March 29, 1996, Congress amended the Social Security Act to eliminate alcoholism or drug addiction as a basis for obtaining disability benefits. *Newton v. Chater,* 92 F.3d 688, 696 n. 3 (8th Cir.1996) (citing Contract with America Advancement Act of 1996, Pub.L. No. 104–121, 110 Stat. 847, 852–53 (amending 42 U.S.C. § 423(d)(2))). Under the amendment, for claims decided by the Commissioner before March 29, 1996, as in the present case, disability benefits on, or after, January 1, 1997 may not be based on drug addiction. *Id.* (citing 110 Stat. at 853–54). Specifically, the amendment states that a person is precluded from receiving disability benefits after January 1, 1997, if drug addiction or alcoholism was a "contributing factor material" to in the Commissioner's determination that an individual is disabled. 110 Stat. at 852. The regulations interpreting this amendment state that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1) and 416.935(b)(1); *See Davis v. Chater,* 952 F.Supp. 561, 567 (N.D.Ill.1996) ("In determining whether drug addiction ... is a contributing material factor to a finding of disability, the Commissioner's regulations provide that such a finding turns on whether the individual would be disabled independent of drug addiction.... If the Commissioner finds that, but for an individual's drug addiction or alcoholism, he/she would not be disabled, then no SSI benefits are payable.").

▮ As previously indicated, the ALJ determined that Boehm has severe dysthymic disorder, a dissociative disorder, anxiety panic attacks, a substance abuse disorder, a borderline personality, migraine headaches, and asthma which rendered her disabled. The Commissioner also determined that Boehm's substance abuse was a contributing factor to the determination of her disability.

While there is evidence in the record that Boehm had a history of significant drug abuse, the only evidence in the record relat-

**34**

ing to the effect that Boehm's drug use had upon her other impairments was a statement by Dr. Nissen, a treating physician. Dr. Nissen stated, "She was confronted quite directly about the fact that marijuana was not doing her any good, that probably her psychological status was causing her to have some of these blackouts, and that the best way to treat them was to continue in [drug] treatment ... and stop smoking marijuana." (A.R. 280). While this statement may indicate that Boehm's continued drug use contributed to her psychological problems, it fails to indicate that Boehm would not have these psychological impairments or not be disabled if she stopped using drugs or alcohol.

A vocational expert testified that the amount of work time Boehm missed due to her headaches alone would probably preclude employment. (A.R. 65). There is no evidence in the record that Boehm's migraine headaches were caused by her drug addiction or that she would not have had the headaches if she did not smoke marijuana. The vocational expert also testified that Boehm's repeated episodes of deterioration or decompensation in work or work-like settings which causes her to withdraw would also preclude her from working. (A.R. 64-66). There is also no evidence in the record that these episodes were caused by her drug addiction. In addition, the vocational expert also testified that Boehm's amnesia would impact her ability to complete a normal work day and work week, and work at a consistent pace. (A.R. 66). Again, there is no evidence in the record that these limitations were a result of Boehm's drug addiction.

Based on the foregoing, the Court concludes that there is not substantial evidence on the record as a whole to support the Commissioner's determination that Boehm's drug addiction was a contributing factor material to the determination of disability. The ALJ failed to indicate whether, given her other impairments, Boehm would still be disabled if she stopped using drugs. *See Davis*, 952 F.Supp. at 567-68 (remanding the case to the ALJ for a determination of whether the non-alcohol-related factors would have rendered the plaintiff unable to work, independent of the alcohol abuse, where it was not clear whether or to what extent the plaintiff's

alcoholism contributed to the severity of his impairments).

## IV. CONCLUSION

The ALJ needs to fully and fairly develop the record to determine whether non-drug related factors would support a disability finding.

IT IS ORDERED that the decision of the Commissioner is reversed and the case is remanded for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).