**Katherine E. MURPHY, Plaintiff,**

v.

**John J. CALLAHAN, Ph.D. Commissioner of Social Security, Defendant.**

**Civil No. 3–96–CV–10112.**

United States District Court,
S.D. Iowa,
Davenport Division.

June 2, 1997.

John A. Bowman, Bowman & Depree, Davenport, IA, for Plaintiff.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Health and Human Services' decision denying her Social Security Disability Insurance benefits under Title II of the Act, 42 U.S.C. § 401 *et seq.* Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary.

## I. PROCEDURAL HISTORY

Katherine E. Murphy, age 55 on the date of the hearing, applied for disability insurance benefits and widows benefits on November 4, 1993, alleging disability since May 1, 1991. She was denied benefits and a reconsideration of that decision. A hearing was held January 25, 1995, before an administrative law judge ( "ALJ" ). In a written decision dated April 29, 1995, the ALJ found plaintiff has been under a disability as defined by the Act since June 3, 1994, but was not disabled prior to June 3, 1994. Plaintiff appealed this latter finding to the Appeals Council of the Social Security Administration. On June 12, 1996, the Appeals Council denied plaintiff's request for review. The decision of the ALJ thus stands as the final decision of the Commissioner. This action for judicial review was commenced July 17, 1996.

## II. FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish that plaintiff suffers from:

spondylolisthesis at L5–S1 with complaints of low back pain; degenerative changes of the cervical spine with complaints of neck pain; a medically determinable impairment concerning complaints of pain in her right heel; hypertension; obesity; a history of gastritis; and subsequent to June 3, 1994 a status post breast surgery for cancer with metastases followed by chemotherapy and radiation therapy,

but that plaintiff "had no impairment or combination of impairments with signs, symptoms or laboratory findings sufficient to meet or equal the requirements for any listed impairment found in Appendix 1, Appendix 1, Subpart P, Regulations No. 4 for a 12 month continuous period." Tr. 24.

The ALJ determined that plaintiff's testimony was not fully credible regarding the time period before June 3, 1994. Tr. 25. With respect to the time period prior to June 3, 1994, the ALJ found plaintiff had the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for:

she could lift 20 pounds maximum and up to 10 pounds repeatedly. She had to avoid repetitive bending, stooping, squatting, and climbing. She had to avoid repetitive work

with her arms overhead. She had to avoid work at unprotected heights.

Tr. 25. The ALJ found plaintiff's impairments prevented her from returning to her past relevant work, but that she was able to transfer her skills to jobs such as an office nurse, school nurse, and occupational nurse, and could perform unskilled work such as an office helper, mail clerk or greeter. 25. The ALJ therefore concluded plaintiff was not disabled under the meaning of the Act before June 3, 1994. Tr. 26.

Beginning June 3, 1994, however, the ALJ found plaintiff had the following residual capacity:

> she can life five pounds maximum and five pounds repeatedly. She can stand 30 to 60 minutes at a time. She can sit 30 to 60 minutes at a time. She can walk 30 to 60 minutes at a time. She should avoid repetitive stooping, kneeling, crawling, and climbing. She should avoid repetitive pushing and pulling with her left upper extremity. She should avoid repetitive work overhead with her left arm. She should avoid heights.

Tr. 25.

Based on the above residual functional capacity, the ALJ concluded plaintiff was disabled as defined in the Act beginning June 3, 1994. Tr. 26.

## III. APPLICABLE LAW AND DISCUSSION

A court must affirm the decision of the Secretary if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion." *Whitehouse v. Sullivan*, 949 F.2d 1005, 1007 (8th Cir.1991). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir.1992). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Mapes v. Chater*, 82 F.3d 259, 260 (8th Cir.1996).

■ The issue in this case is whether substantial evidence in the record as a whole supports the ALJ's conclusion that plaintiff was not disabled before June 3, 1994. Initially, the Court notes plaintiff as not even eligible for disability insurance benefits until October 17, 1993, when her husband passed away. *See* Tr. at 233. The disputed benefits period in the present case is therefore slightly under eight months—between October 17, 1993, and June 3, 1994.

Plaintiff's medical symptoms and resulting limitations—both before and after her mastectomy—are summarized by her long-time treating physician, Rebecca Wiese, M.D., in a letter dated January 20, 1995:

> [Due to chronic back problems, plaintiff] was seen at the University of Iowa Orthopedic Clinic. A diagnosis of grade 1 spondylolisthesis was made, mild slippage of L5 on S1 was noted along with some minimal instability. She also received outpatient treatment in the physical therapy department at Mercy Hospital in 1989. A similar diagnosis has been made at that time. She has also tried Clinoril, Tylenol as well as tricyclic antidepressants. She has been referred to the Chronic Pain Support Group in the Quad Cities for support. She has tried Norflex as well as Flexeril and Ibuprofen. She has been unable to afford a tens unit. Despite these numerous efforts, Ms. Murphy's back pain persists. I have personally instructed her in exercise and participated in various therapeutic attempts without resolution of her symptoms. Recently she also underwent a mastectomy for breast cancer. This was diagnosed in June of 1994. She has also received chemotherapy and is starting on radiation treatments. These treatments cause her great weakness and fatigue; it also makes it difficult for her to use her left arm extensively. She has had chronic problems with neck pain as well due to presumed degenerative joint disease.
>
> In summary, she is impaired in her physical activities. Because of these problems she has difficulty with lifting and carrying. She could only *maximally* carry five pounds or less for short periods of time.

*Because of the spondylolisthesis as documented on x-rays as far back as 1988, she has difficulty with prolonged standing or walking. She suffers significant pain after 30 to 60 minutes of walking or standing; prolonged sitting is also impaired in a similar fashion.* I do not believe that the patient needs to lie down during an eight hour day, however. As far as postural activity goes, she would have difficulty with climbing and balance. She would also have difficulty stooping, crouching, kneeling or crawling. Over head reaching would probably be impaired due to her recent mastectomy. Her hearing and speaking as well as her seeing are not affected by her impairment, however pushing and pulling are. I feel that her feeling and handling capabilities are normal. As previously stated, she has some restrictions toward the upper left extremity due to the mastectomy surgery. This causes some weakness in her left arm as well as some chronic swelling problems. *Use of her lower extremities is impaired primarily because of the pain in her back.* I believe her only environmental restriction would relate to heights because of her back problems. I am unaware of any side effects from medications.

Tr. 200. (emphasis added).

■ The opinion of a treating physician is generally entitled to substantial weight. *Onstead v. Sullivan,* 962 F.2d 803, 805 (8th Cir.1992). Granted, an ALJ may discount a treating physician's opinion if it is unsupported by medically acceptable data or inconsistent with other medical evidence. *Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir.1996). In the present case, however, the ALJ does not attempt to discount the opinion, but rather, simply characterizes the letter as summarizing plaintiff's symptoms *as of June 3, 1994.*

Tr. 20. In essence, he ignores the symptoms which occurred prior to that date.

The Court finds the ALJ's interpretation of Dr. Wiese's stated limitations prior to June 3, 1994 is not supported by substantial evidence in the record as a whole. The sections of Dr. Wiese's letter placed in emphasis by the Court clearly indicate Dr. Wiese believed plaintiff's walking and standing restrictions were limited by her *back* problems—not by her 1994 mastectomy. As opined by Dr. Wiese: *"Because of the spondylolisthesis as documented on x-rays as far back as 1988, she has difficulty with prolonged standing or walking. She suffers significant pain after 30 to 60 minutes of walking or standing; prolonged sitting is also impaired in a similar fashion."* Tr. 199 (emphasis added).

Again, as stated earlier, the ALJ did not attempt to discount Dr. Wiese's limitations, but rather, incorrectly concluded the limitations applied only after plaintiff's mastectomy. Absent any basis for discounting Dr. Wiese's opinion, these limitations, and perhaps others, should have been found by the ALJ to exist prior to June 3, 1994.[1]

When asked to consider the limitations imposed by Dr. Wiese in her January 20, 1995, letter, the vocational expert testified that the standing, walking, and lifting restrictions would prevent plaintiff from returning to her past employment, and from transferring her skills to other employment. Tr. 278–79. He also agreed with plaintiff's counsel that the restrictions effectively would prevent plaintiff from performing any other work in the national economy. Tr. 280.

Although it is clear the standing and walking restrictions were attributed to plaintiff's back problems, it is not clear whether the lifting and carrying restriction was caused by

---

1. The Court recognizes that three non-examining physicians opined plaintiff's back symptoms would not render her disabled. Tr. 104–14, 182–83. The Eighth circuit has held, however, that a treating physician's opinion should be given deference over an examining physician or consultant. *Thompson v. Sullivan,* 957 F.2d 611, 614 (8th Cir.1992).

Furthermore, in the present case, the ALJ does not appear to dispute Dr. Wiese's stated limitations, but, rather, simply mischaracterizes the time period to which they applied. There is also no indication the ALJ favored the opinions of the consulting physicians due to the lack of medical support for Dr. Wiese's stated limitations. *See e.g. Cruze v. Chater,* 85 F.3d 1320, 1323–25 (8th Cir.1996) (appropriate for ALJ to favor opinions of nonexamining, consulting physicians over that of treating physician when treating physician's opinion inconsistent and not supported by clinical evidence).

plaintiff's mastectomy, or by her chronic back pain. For this reason, the Court finds in appropriate to remand the case for further development.

On remand, the ALJ is directed to clarify from Dr. Wiese which limitations arose following her surgery. The ALJ should then evaluate these pro-June 3, 1994 limitations in light of the evidence in the record as a whole

## IV. CONCLUSION

For the foregoing reasons,

the Commissioner's decision is not supported by substantial evidence in the record as a whole. IT IS ORDERED that the decision of the Commissioner is **reversed** and the case is **remanded** for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).