Esther TEEL, Plaintiff,

v.

John J. CALLAHAN, Ph.D.,[1] Acting Commissioner of Social Security, Defendant.

No. Civ. 3–97–CV–10036.

United States District Court, S.D. Iowa, Davenport Division.

Oct. 1, 1997.

**1.** President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater, as the defendant in this action.

Michael Depree, Bowman & Depree, Davenport, IA, for plaintiff.

Inga Bumbary–Langston, Asst. U.S. Atty., Des Moines, IA, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Health and Human Services' decision denying her Supplemental Security Income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

Plaintiff Esther Teel, age 50 on the date of the third hearing, applied for SSI on November 5, 1990. She was denied benefits and a reconsideration of that decision. A hearing was held before an administrative law judge ("ALJ") on October 22, 1992, and in a written decision dated December 10, 1992, the ALJ denied plaintiff's application. In an Order dated May 2, 1994, this Court reversed and remanded the decision of the Secretary for further proceedings. A supplementary hearing was held on January 5, 1995. In a written decision dated January 24, 1995, the ALJ denied plaintiff's disability claim. In an Order dated December 18, 1995, this Court reversed and remanded the decision of the Secretary for further proceedings. A supplementary hearing was held on October 8, 1996, before an ALJ. In a written decision dated November 25, 1996, the ALJ found plaintiff was not under a disability as defined by the Act, and denied her application. On January 23, 1997, the Appeals Council of the Social Security Administration denied plaintiff's request for review. The decision of the ALJ thus stands as the final decision of the Commissioner. This action for judicial review was commenced February 20, 1997.

## II. FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish that plaintiff suffers from: "severe major depressive disorder superimposed on dysthymia, passive aggressive personality disorder and a history of alcohol abuse, in remission ..." but that she "does not have an impairment or combination of impairments listed in, or medically equal to one listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Tr. 391.

The ALJ determined that plaintiff's testimony concerning the severity and intensity of her symptoms was not fully credible. Tr. 391. The ALJ further found plaintiff has the residual functional capacity:

> to perform work-related activities except for work involving more than the light level of work activity. She can stand one to two hours at a time for a total of six hours in an eight hour day and could walk for one half hour at a time; she can lift a maximum of 20 pounds and can frequently lift 10 pounds; she can occasionally stoop, kneel, crawl, and climb. She has no limitations with sitting. She should avoid exposure to heat, humidity, or cold and should avoid hot water, latex gloves and skin contact with chemicals. She can engage in no more than simple, routine, repetitive work in one or two step operations based on her treating physician's opinion which is given great weight (29 C.F.R. 416.945).

Tr. 391. The ALJ found that plaintiff's impairments did not prevent her from returning to her past relevant work. The ALJ therefore concluded plaintiff was not disabled under the meaning of the Act. Tr. 36.

## III. APPLICABLE LAW AND DISCUSSION

### A. Legal Standard

█ A court must affirm the decision of the Commissioner if substantial evidence on

the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Johnson v. Chater*, 108 F.3d 942, 943 (8th Cir.1997). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir.1992). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Mapes v. Chater*, 82 F.3d 259, 260 (8th Cir.1996).

### B. Restrictions and Abilities Indicated by Treating Psychiatrist

■ Plaintiff argues that the ALJ erred in failing to present to the vocational expert ("VE") plaintiff's limitations as defined by her treating physician, Dr. Chang. Certainly, this Court has recognized in prior orders pertaining to this case that the treating physician's opinions are entitled to great weight. In the latest supplemental hearing, this ALJ's RFC included the limitations delineated by Dr. Chang in his March 25, 1993 report. His report stated:

> Considering Mrs. Teel's functional abilities, she seems able to remember locations and work-like procedures, as well as understand, remember, and carry out very short and simple instructions. On the other hand, she would probably experience moderate difficulty understanding, remembering, and carrying out detailed instructions. Moderate limitations would also apply to her ability to maintain attention and concentration and to perform activities within a schedule. She seems able to sustain an ordinary routine, work in coordination with or proximity to others, and make simple work related decisions, as well as complete a normal work day and work

week. She does not appear to be significantly limited in the area of social interaction and seems competent in most areas relating to adaptation—but might experience moderate difficulty being aware or [sic] normal hazards or taking appropriate precautions. She does not seem able to handle her money.

Tr. 369. The ALJ included these abilities *and limitations* in plaintiff's RFC and in the hypotheticals. Tr. 429–30. Dr. Chang places moderate limitations on plaintiff's abilities regarding understanding, remembering, and carrying out detailed instructions, and concentrating and maintaining attention. Plaintiff's RFC, and the ALJ's hypothetical,[2] precisely reflected these limitations. In giving weight to the treating physician's opinion, the ALJ carefully followed this Court's instructions on remand.

Additionally, the ALJ fully explained his rejection of any of plaintiff's complaints. The ALJ's credibility determinations were grounded in substantial evidence on the record as a whole, and this Court will not disturb the ALJ's findings.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is supported by substantial evidence in the record as a whole and is therefore AFFIRMED.

IT IS SO ORDERED.

---

2. Plaintiff also claims that the ALJ's hypothetical was improper because the statement " 'she can engage in no more than simple, routine, repetitive work' unalterably infects the entire hypothetical question." Plaintiff's Brief at 6. The ALJ's phrasing of hypotheticals did not compel the VE to affirmatively respond that jobs existed with requirements which did not exceed plaintiff's residual functional capacity. The ALJ used the

phrase in the context of limiting the capacities of plaintiff, so that the VE could properly evaluate whether jobs existed within plaintiff's abilities. *See Roe v. Chater*, 92 F.3d 672, 677 (8th Cir. 1996). When addressing this argument in *Roe*, the Eighth Circuit stated: "The hypothetical leaves it to the VE to determine whether, in light of [plaintiff's] physical and mental abilities, [s]he

can perform any job...." *Roe v. Chater,* 92 F.3d at 677.

