# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1183

_____

Robin R. Jordan,                    *
                                    *
            Appellant,              *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   District of Nebraska.
Michael J. Astrue, Commissioner,    *
Social Security Administration,     *   [UNPUBLISHED]
                                    *
            Appellee.               *

_____

Submitted: August 6, 2010
    Filed: August 17, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

     Robin R. Jordan appeals the district court's[1] order affirming the denial of
supplemental security income. Having carefully reviewed the record and considered
Jordan's arguments for reversal, we affirm. See Davidson v. Astrue, 578 F.3d 838,
841-42 (8th Cir. 2009) (standard of review).

_____

     [1]The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

Jordan alleged disability since November 2004 from painful foot problems and issues with his left hand. After two hearings, where Jordan was counseled, an administrative law judge (ALJ) determined that (1) Jordan's impairments--hammer toes, flat feet, bilateral hallux valgus with corns and calluses, and swollen fingers on his non-dominant left hand--were severe in combination, but alone or combined did not meet or medically equal the requirements of any listing; (2) he had the residual functional capacity (RFC) for less than the full range of sedentary work; (3) his statements on the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC findings; and (4) while his RFC precluded his past relevant work, he could perform two jobs that a vocational expert (VE) identified in response to the ALJ's hypothetical--information clerk and office helper--which existed in significant numbers regionally and locally. The Appeals Council denied review, and the district court affirmed.

On appeal Jordan challenges the reliability of the VE's testimony concerning how many of the two identified jobs were available nationally and regionally. To the extent he is arguing that the VE did not adequately explain the inconsistency between his testimony and the Dictionary of Occupational Titles (DOT) on the classification of these two jobs, we disagree. See Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000) (VE adequately rebutted DOT classification of jobs as light by testifying that some existing nationally and locally were sedentary; DOT definitions reflect only approximate maximum requirements). We also reject his various challenges to the privately published source of the VE's opinion on the numbers of available jobs. See Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991) (there is no requirement that VE correlate DOT titles with job-services summaries; VE need only state opinion on number of jobs available in national economy that match applicant's RFC, age, work experience, and education). Jordan's remaining arguments for reversal warrant no discussion. Accordingly, we affirm.

_____